1
2
3
4
5        **UNITED STATES DISTRICT COURT**
6        **EASTERN DISTRICT OF CALIFORNIA**
7
8    **JASON SAUNDERS,**                    **1:97-CV-05612 OWW WJW**

9                    **Plaintiff,**          **ORDER GRANTING PLAINTIFF'S**
                                              **MOTION FOR RECONSIDERATION**
10                    **v.**                  **(Doc. 32)**

11   **C/O LOWRIMORE, et al.**

12                    **Defendants.**

13

14        Before the court for decision is Plaintiff's motion for

15   reconsideration of an April 20, 2004 order dismissing this

16   prisoner's civil rights case for failure to prosecute. (Doc. 32,

17   filed May 11, 2004.)

18        On January 23, 2003, Magistrate Judge Hollis G. Best denied

19   Plaintiff's request to proceed *in forma pauperis* and ordered

20   Plaintiff to submit within thirty days the then-applicable $150

21   filing fee for a civil action.  As of April 20, 2004, more than a

22   year later, the case docket did not reflect payment by Plaintiff

23   of the required fee.  The case was dismissed for failure to

24   prosecute. (Doc. 30, filed Apr. 20, 2004)  Plaintiff then filed

25   a motion for reconsideration, asserting that he did pay the

26   filing fee and requesting relief from the order of dismissal

27   under Federal Rule of Civil Procedure 60(b).  (Doc. 32.)

28   Subsequently, the clerk of court produced a receipt indicating

**1**

that Plaintiff actually paid the filing fee in this case on August 12, 1998. (Doc. 33, filed August 2, 2004.)

Although Plaintiff cites Federal Rule of Civil Procedure 60(b) in support of his motion for reconsideration, it is more appropriate in this case to apply Rule 60(a), which permits a court to relieve a party from a judgment or order to correct clerical mistakes:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders....

Fed. R. Civ. Pro. 60(a). Here, it appears that the order of dismissal was based upon a record-keeping error. Because plaintiff timely paid his filing fee, it was not appropriate to dismiss his complaint for failure to prosecute.

The order of dismissal and the judgment, dated April 20 and 21, 2004, respectively, are **VACATED.**

This case is **REFERRED BACK** to the now-presiding magistrate judge, William M. Wunderlich, for screening of the operative second amended complaint (Doc. 24) pursuant to the prisoner litigation reform act, 42 U.S.C. 1997e.

**SO ORDERED.**

Dated: July 6, 2006

/s/ OLIVER W. WANGER

_____

    **OLIVER W. WANGER**
**United States District Judge**

**2**