IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


JASON SAUNDERS,

        Plaintiff,         CV F 97 5612 OWW WMW PC

   vs.                  ORDER DISMISSING ACTION


JOAN LOWRIMORE, et al.,

        Defendants.


On February 15, 2008, an order was entered, dismissing the operative pleading for failure to state a claim and granting Plaintiff leave to file an amended complaint.  On April 1, 2008, Plaintiff was granted an extension of time in which to file an amended complaint.  On April 30, 2008, Plaintiff filed a document titled as "Plaintiff's Notice of Inability to Amend and Non-objection to Dismissal of Action in Light of Evolving Exhaustion Authority."

In the order dismissing the operative pleading, the court noted that the events that gave rise to this lawsuit occurred on May 16, 1997.  This action was filed 27 days later, on June 13, 1997.  Plaintiff set forth other allegations that occurred after the filing of this action.  The February 15, 2008, order advised Plaintiff that even had he exhausted his claims, he could not

1  have exhausted them prior to the filing of this action.[1]  The Ninth Circuit Court of Appeals has

2  held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss

3  actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing

4  suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311

5  F.3d 1198 (9 th Cir. 2002).

6          In his notice filed on April 30, 2008, Plaintiff indicates that, in light of evolving

7  exhaustion authority, he is unable to litigate this action.  Plaintiff, in essence, argues that legal the

8  legal  authority cited by the court post-dates the filing of this action.   On May 29, 2001, the

9  United States Supreme Court decided Booth v. Churner,532 U.S. 731 (2001).  The Supreme

10  Court, in addressing the question of whether a prisoner need exhaust available remedies when

11  monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough,

12  regardless of the relief offered through administrative procedures."  Id. at 1821.  In order to bring

13  his claim in federal court, plaintiff must completely exhaust his available administrative

14  remedies.

15          Further, "When the Supreme Court applies a rule of federal law to the parties

16  before it, that rule is the controlling interpretation of federal law and must be given full

17  retroactive effect in all cases open on direct review and as to all events, regardless of whether

18

19      [1]

20  In California, there are four levels of review - informal level, first formal level, second formal
level, and third formal level. The third formal level constitutes the Director's decision on appeal.
21  Cal. Code Regs. Tit. 15, § 3084.5(e)(2). The following time limits apply. Appeal Time Limits.(a)
Commencement. Time limits for submitting or reviewing appeals shall commence upon the date
22  of receipt of the appeal document by the appeals coordinator or the appellant.(b) Departmental
response. Appeals shall be responded to and returned to the appellant by staff within the
23  following time limits:(1) Informal level responses shall be completed within ten working days. 2)
First level responses shall be completed within 30 working days.(3) Second level responses shall
24  be completed within 20 working days, or 30 working days if first level is waived pursuant to
section 3084.5 (a)(3).(4) Third level responses shall be completed within 60 working days.
25  Cal. Code Rets. Tit. 15, § 3084.6.

26

such events predate or postdate the Supreme Court's announcement of the rule." <u>United States v.</u>
<u>Newman,</u> 203 F2d. 700, 701-02 (quoting <u>Harper v. Virginia Dept. of Taxation</u>, 509 US 86
(1993)).  Thus, the Supreme Court's interpretation in <u>Booth</u> applies to all cases pending on or
after May 29, 2001.

Plaintiff specifically notes that "in light of such, it is in the interest of judicial economy
and comity that plaintiff convey his inability to amend this action given the prejudice caused this
case and in light of evolving exhaustion authority."  Because Plaintiff is advising the court that
he no longer intends to proceed, the court construes Plaintiff's non-objection to dismissal as a
request to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure
41(a)(1)(A)(i).  There has been no service of process, and no defendant has entered an
appearance.  Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without
prejudice, on Plaintiff's notice of voluntary dismissal.

IT IS SO ORDERED.

**Dated:   May 6, 2008**                              _____/s/ Oliver W. Wanger_____
                                                      UNITED STATES DISTRICT JUDGE